ALEXANDER B. CVITAN (SBN 81746)
E-mail: alc@rac-law.com
MARSHA M. HAMASAKI (SBN 102720)
E-mail: marshah@rac-law.com;
PETER A. HUTCHINSON (SBN 225399), and
E-mail: peterh@rac-law.com,
REICH, ADELL & CVITAN, A Professional Law Corporation
3550 Wilshire Blvd., Suite 2000
Los Angeles, California 90010-2421
Telephone: (213) 386-3860; Facsimile: (213) 386-5583
Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONSTRUCTION LABORERS TRUST FUNDS FOR SOUTHERN CALIFORNIA ADMINISTRATIVE COMPANY, a Delaware limited liability company, | CASE NO.: |
| Plaintiff, | **COMPLAINT FOR:** |
| v. | **1. MONETARY DAMAGES DUE TO EMPLOYEE BENEFIT PLANS** |
| A & E PAINTING, a California general partnership; EVERTS ALEJANDRO ALAS, an individual; JESUS ALEXANDER MOLINA, an individual, | **2. MONETARY DAMAGES FOR BREACH OF SETTLEMENT AGREEMENT** |
| | **3. SPECIFIC PERFORMANCE OF OBLIGATION TO PRODUCE RECORDS FOR AUDIT** |
| Defendants. | **4. INJUNCTIVE RELIEF COMPELLING SUBMISSION OF FRINGE BENEFIT CONTRIBUTIONS TO EMPLOYEE BENEFIT PLANS** |
| | [29 U.S.C. §§ 1132(g)(2) and 1145; 29 U.S.C. § 1132(a)(3); 29 U.S.C. § 185; 28 U.S.C. § 1367(a)] |

Plaintiff, Construction Laborers Trust Funds for Southern California

Administrative Company, a Delaware limited liability company, alleges:

364475.2

## JURISDICTION AND VENUE

1.     This action is brought by a fiduciary administrator on behalf of employee benefit plans against an employer, which is a partnership, and its two partners in accordance with the terms and conditions of the plans, the collective bargaining agreements to which the employer is bound, a settlement agreement (between the plans and both the employer and one of its partners), and applicable statutes to: (a) recover unpaid monthly employee fringe benefit contributions and related damages due by it to the plans through enforcement of the terms of the collective bargaining agreements and the plans (Claim 1); (b) recover monetary damages from the employer and one of the partners for breach of a settlement agreement, including a portion of the amounts also sought in Claim 1 (Claim 2); (c) compel the employer to produce records for an audit to determine if additional amounts are due (Claim 3); and (d) compel the employer to timely and fully report and pay its monthly fringe benefit contributions to the plans on behalf of its employees (Claim 4).  This Court has jurisdiction over all four claims for relief pursuant to: sections 502(g)(2) and 515 of the Employee Retirement Income Security Act (ERISA) (codified at 29 U.S.C. §§ 1132(g)(2) and 1145); section 502(a)(3) of ERISA (codified at 29 U.S.C. § 1132(a)(3)); and section 301 of the Labor Management Relations Act (LMRA) (codified at 29 U.S.C. § 185).  This Court also, or alternatively, has supplemental jurisdiction over the second claim for relief pursuant to 28 U.S.C. § 1367(a).  Pursuant to section 502(e)(2) of ERISA (codified at 29 U.S.C. § 1132(e)(2)), venue is proper in this district for each of the following reasons: the plans are administered in this district; the employer's performance and breach took place in this district; and the employer resides or may be found in this district.

///

///

364475.2

1

2

## **PARTIES**

3        2.      Plaintiff ("ADMINCO") is an administrator of, agent for collection for, a

4    fiduciary to, and brings this action on behalf of the following employee benefit

5    plans: Laborers Health and Welfare Trust Fund for Southern California;

6    Construction Laborers Pension Trust for Southern California; Construction Laborers

7    Vacation Trust for Southern California; Laborers Training and Re-Training Trust

8    Fund for Southern California; Fund for Construction Industry Advancement; Center

9    for Contract Compliance; Laborers Contract Administration Trust Fund for Southern

10   California; Laborers' Trusts Administrative Trust Fund for Southern California; and

11   Southern California Partnership for Jobs Trust Fund (collectively "Trust Funds").

12   Each of the Trust Funds is an express trust created by written agreement, an

13   employee benefit plan within the meaning of section 3(3) of ERISA (29 U.S.C.

14   § 1002(3)), and a multi-employer plan within the meaning of section 3(37)(A) of

15   ERISA (29 U.S.C. § 1002(37)(A)).  Each of the Trust Funds exists pursuant to

16   ERISA and section 302 of the LMRA (29 U.S.C. § 186).  ADMINCO and the Trust

17   Funds' places of business are in the County of Los Angeles, State of California.

18

19       3.      ADMINCO is informed and believes, and on that basis alleges, that

20   defendant A & E Painting ("EMPLOYER"): is a general partnership; has a principal

21   place of business in the City of Van Nuys, County of Los Angeles, State of

22   California; and does, or at all relevant times (including through at least June 12,

23   2018) did, business in the State of California as a construction contractor in an

24   industry affecting interstate commerce.

25

26       4.      ADMINCO is informed and believes, and on that basis alleges, that

27   Everts Alejandro Alas ("ALAS") and Jesus Alexander Molina ("MOLINA") are

28   individuals who reside in the County of Los Angeles, State of California and are – or

364475.2

were at all relevant times, including since at least November 1, 2015 – general partners of the EMPLOYER.  As provided for by law, including but not limited to by California Code of Civil Procedure § 369.5, ALAS and MOLINA are joined as individual defendants to this lawsuit based on their status as partners of the EMPLOYER.  ALAS is also sued in the second claim for relief herein as a named party to a breached settlement agreement.

## AGREEMENTS

5.     The EMPLOYER is, and at all relevant times was (including from at least since April 12, 2017), bound to certain collective bargaining agreements of the Southern California District Council of Laborers and its affiliated local Unions (collectively "Laborers Union") known as the "Construction Master Labor Agreements," including one known as the *Southern California Master Labor Agreement*. Prior to April 12, 2017, including from at least November 1, 2015, the EMPLOYER was bound to the terms of the Construction Master Labor Agreements for certain work for the Los Angeles Unified School District governed by a project stabilization agreement that incorporates the Construction Master Labor Agreements ("LAUSD PSA").

6.     Pursuant to the Construction Master Labor Agreements, employers become – and the EMPLOYER became – bound to the terms and conditions of the various trust agreements that created each of the Trust Funds ("Trust Agreements"). When referenced collectively hereinafter, the Construction Master Labor Agreements, LAUSD PSA and Trust Agreements are referred to as "the Agreements."

7.     Under the terms of the Agreements, employers, including the

364475.2

EMPLOYER, are required to submit monthly fringe benefit contributions ("Monthly Contributions") to the Trust Funds for all hours worked by (or paid for) their employees who perform work covered by the Agreements ("Covered Work").

8.      Under the terms of the Agreements, employers, including the EMPLOYER, are required to submit to the Trust Funds, with their Monthly Contributions, monthly reports, itemized by project, listing the names of their employees who performed Covered Work, their Social Security numbers, the hours of work performed by (or paid for) each, and the resulting Monthly Contributions due for them ("Monthly Reports").  The Trust Funds rely on Monthly Reports – and the accuracy of those reports – to determine the amount of Monthly Contributions due to the Trust Funds by employers and the credit toward fringe benefits to be allocated to their employees.

9.      The Agreements provide for the payment of interest on delinquent Monthly Contributions from the date due at a rate set by the trustees of the Trust Funds.  The trustees have set that rate at five percent (5%) above the prime rate set by the Federal Reserve Board of San Francisco, California.  The Agreements also provide for the payment of liquidated damages for each month of delinquent Monthly Contributions or Monthly Reports, for each Trust Fund separately, in the amount of twenty percent (20%) of the delinquent Monthly Contributions due to the Trust Fund or $25, whichever is greater (except with respect to the Laborers Contract Administration Trust Fund for Southern California, which assesses liquidated damages at the greater of $20 or ten percent (10%)).  In addition, employers are required to pay fees for the submission of checks not honored by the banks upon which they are drawn.

10.      The failure of employers to pay Monthly Contributions when due causes

364475.2

damages to the Trust Funds and its participants beyond the value of the unpaid Monthly Contributions, which are difficult to quantify.  Apart from the fees and costs incurred in litigation, the harm caused includes, but is not limited to, the administrative costs of processing and collecting delinquencies, the costs of adjusting benefit credits and notifying participants, the additional burden placed on contractors who faithfully pay their contributions, and the burden upon participants and beneficiaries who may be unable to qualify for benefits they may have otherwise been entitled to had it not been for the delinquency of their employer.  The liquidated damages provision of the Agreements was meant to compensate for the loss to the Trust Funds, which is incurred even if the Monthly Contributions for a given month are later paid.  It is based on the Trust Funds' ratio of collection costs over amounts collected, which are regularly reported to the Trust Funds' trustees.

11.     Under the terms of the Agreements, employers, including the EMPLOYER, agree to subcontract Covered Work only to entities that are signatory to a Construction Master Labor Agreement applicable to the work performed.  If an employer subcontracts Covered Work to a non-signatory person or entity, the employer becomes liable to the Trust Funds in an amount equal to the Monthly Contributions that would have been due if the person or entity had been signatory (plus interest, liquidated damages and audit fees thereon).

12.     Under the terms of the Agreements, employers, including the EMPLOYER, agree not to subcontract Covered Work to entities that are delinquent to the Trust Funds.  If an employer subcontracts Covered Work to such an entity the employer becomes under the terms of the Agreements liable to the Trust Funds for the Monthly Contributions due by the subcontractor and any lower-tier subcontractors.

///

6

13.    The Agreements provide the Trust Funds with specific authority to examine the payroll and business records of employers, including the EMPLOYER, to determine whether they have reported all hours worked by (or paid for) their employees who perform Covered Work, and whether they have paid the appropriate Monthly Contributions and other amounts due by them to the Trust Funds.  The Agreements further provide that employers, including the EMPLOYER, must maintain records sufficient for the Trust Funds to verify proper Monthly Reporting, and, where there has been inaccurate Monthly Reporting, to determine the additional amounts due, and further provide that the employer must pay the Trust Funds' audit fees if it is delinquent to the Trust Funds.  The Trust Funds have delegated the authority to perform such audits to ADMINCO.

14.    The Agreements require employers to pay the Trust Funds' attorneys' fees and costs of litigation to enforce the Agreements' foregoing terms, including the Monthly Contribution, Monthly Reporting, subcontracting and audit provisions.

15.    ADMINCO, the EMPLOYER and ALAS entered into an agreement tolling the applicable statute of limitations for the Trust Funds (including ADMINCO on their behalf) to file suit against the EMPLOYER and ALAS to collect the monetary damages sought in the second claim for relief in this complaint ("Tolling Agreement").  The Tolling Agreement became effective, and tolled the statute of limitations as of, December 31, 2017.

## FIRST CLAIM FOR RELIEF
**(Against the EMPLOYER, ALAS and MOLINA for**
**Monetary Damages Due to Employee Benefit Plans)**

16.    ADMINCO repeats, realleges and incorporates by reference each and

364475.2

every allegation contained in paragraphs 1 through 15 above as if fully set forth here.

17.     The EMPLOYER has failed to submit Monthly Contributions due by it to the Trust Funds.  Pursuant to the Agreements and sections 502(g)(2) and 515 of ERISA (29 U.S.C. §§ 1132(g)(2) and 1145), the EMPLOYER owes the Trust Funds a known amount of $8,715.18 for unpaid or late-paid Monthly Contributions and related damages (and/or late-submitted Monthly Reports) for certain months from January 2017 through January 2018 ("Known Delinquency").  The Known Delinquency consists of: $4,180.65 in unpaid Monthly Contributions; $969.23 in interest (through July 8, 2019); $1,962.00 in liquidated damages; $880.00 in audit fees; and $723.30 in damages for subcontracting Covered Work to non-signatory persons or entities.

18.     ADMINCO will establish by proof at the time of trial or through dispositive motion the Known Delinquency and any additional amounts determined to be due to the Trust Funds by the EMPLOYER, ALAS and MOLINA, including any additional Monthly Contributions, interest, liquidated damages, audit fees, fees for the submission of checks not honored by the bank upon which they were drawn, attorneys' fees and costs, and amounts owed as a result of work performed by subcontractors of the EMPLOYER (or lower-tier subcontractors).  If deemed necessary by the Court, ADMINCO will amend its complaint to add any additional amounts determined to be due.  Any and all conditions to the obligations of the EMPLOYER, ALAS and MOLINA under the Agreements to pay the Known Delinquency and any additional amounts due under the Agreements to the Trust Funds have been met.

19.     Under the terms of the Agreements and section 502(g)(2)(D) of ERISA (29 U.S.C. § 1132(g)(2)(D)), ADMINCO is entitled to an award of its attorneys' fees

8

and costs.

## SECOND CLAIM FOR RELIEF

### (Against the EMPLOYER and ALAS for Monetary
### Damages for Breach of Settlement Agreement)

20.    ADMINCO repeats, realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 19 above as if fully set forth here.

21.    The Trust Funds (through ADMINCO) and both the EMPLOYER and ALAS entered into a conditional settlement ("Settlement Agreement") with respect to the EMPLOYER's then-known delinquency to the Trust Funds, totaling $2,662.82 ("Then-Known Delinquency").  In and by the terms of the Settlement Agreement, the Trust Funds agreed to waive a portion of the Then-Known Delinquency upon, and conditioned upon, full performance of the terms of the Settlement Agreement by the EMPLOYER and ALAS, including but not limited to payment of a portion of the Then-Known Delinquency in monthly installments ("Payment Plan") and the EMPLOYER's compliance with the terms of the Agreements – including but not limited to the Monthly Reporting, Monthly Contribution, subcontracting and audit provisions – during a period extending through the term of the Payment Plan to the date of a "Compliance Audit" to be performed by ADMINCO following remittance of the Payment Plan installments.

22.    In, and by execution of, the Settlement Agreement, the EMPLOYER and ALAS assumed liability under its terms, jointly and severally, for amounts due under the Settlement Agreement, including but not limited to the amounts that would come due upon breach of the Settlement Agreement.

9

23.     The EMPLOYER and ALAS breached the Settlement Agreement in at least the following ways: (a) failing to submit Payment Plan installments; (b) failing to timely submit Payment Plan installments; (c) failing to disclose Monthly Contributions due on Monthly Reports; (d) failing to pay Monthly Contributions due to the Trust Funds; (e) failing to produce records for audit; and (f) failing to timely submit Monthly Reports to the Trust Funds.

24.     As a result of the breach of the Settlement Agreement by the EMPLOYER and ALAS: (a) the conditions in the Settlement Agreement for waiver of a portion the Then-Known Delinquency were not met; (b) under the terms of the Settlement Agreement, the full amount of the Then-Known Delinquency became, and remains, immediately due and owing jointly and severally by the EMPLOYER and ALAS to the Trust Funds, minus any Payment Plan installments made plus interest at the Trust Funds' plan rate; and (c) the Settlement Agreement, by its terms, does not bar collection of any unsatisfied amounts of that delinquency by any lawful means, including but not limited to through enforcement of the Settlement Agreement and the Agreements.  The amount due by the EMPLOYER and ALAS for their breach of the Settlement Agreement is $2,160.22 as of July 8, 2019 ("Settlement Agreement Balance").  The Settlement Agreement Balance has continued, and continues, to accrue interest at the Trust Funds' plan rate from July 8, 2019.  Any and all conditions to the obligations of the EMPLOYER and ALAS under the Settlement Agreement to pay the Settlement Agreement Balance, including additional interest accrued and accruing, have been met.

25.     In the alternative, the EMPLOYER and ALAS are estopped from denying that the terms of the Settlement Agreement are binding, and that the Settlement Agreement Balance – and additional interest accrued and accruing through the date of payment – is immediately due and owing by them under its

10

terms, because of their partial performance of its terms, including remittance of certain settlement payments pursuant to the Settlement Agreement, and the Trust Funds detrimental reliance in refraining from pursuing immediate recovery of the full amount of the delinquency encompassed by the Settlement Agreement.

26.     Under the terms of the Settlement Agreement, ADMINCO is entitled to an award of its attorneys' fees and costs.

## THIRD CLAIM FOR RELIEF

### (Against the EMPLOYER for Specific Performance of
### Obligation to Produce Records for Audit)

27.     ADMINCO repeats, realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 26 above as if fully set forth here.

28.     ADMINCO requested that the EMPLOYER produce its records for audit.  The EMPLOYER refused to fully comply with ADMINCO's request for such production of records for audit.

29.     The Trust Funds have no adequate or speedy remedy at law.  They therefore request that the Court exercise its authority under 29 U.S.C. §§ 1132(g)(2)(E) and 1132(a)(3) to order the EMPLOYER, including ALAS and MOLINA in their capacity of partners of the EMPLOYER, to comply with the obligation under the Agreements and ERISA to fully produce the EMPLOYER's books and records in order for ADMINCO to complete an audit to determine if additional amounts are due by them to the Trust Funds.

30.     An award of attorneys' fees and costs is provided for by Agreements and

11

1  under sections 502(g)(1) and/or (g)(2) of ERISA (29 U.S.C. § 1132(g)(1) and/or

2  (g)(2)).

3

4  **FOURTH CLAIM FOR RELIEF**

5  **(Against the EMPLOYER for Injunctive Relief Compelling Submission of**

6  **Fringe Benefit Contributions to Employee Benefit Plans)**

7

8  31.    ADMINCO repeats, realleges and incorporates by reference each and

9  every allegation contained in paragraphs 1 through 30 above as if fully set forth here.

10

11  32.    The EMPLOYER has repeatedly failed to timely submit Monthly

12  Reports and Monthly Contributions due to the Trust Funds.

13

14  33.    By reason of the EMPLOYER's failure to comply with its Monthly

15  Reporting and Contribution obligations, the Trust Funds, its participants and/or its

16  beneficiaries have suffered and will continue to suffer hardship and actual and

17  impending irreparable injury and damage for at least the following reasons.  First,

18  the Trust Funds must provide credit each month to participants and beneficiaries,

19  including the EMPLOYER's employees, toward eligibility for fringe benefits (such

20  as health insurance and pensions) based on the number of hours they worked, which

21  is determined from Monthly Reports.  Second, the amount of benefits payable to all

22  participants and beneficiaries for health insurance and pension claims, including

23  those employed by the EMPLOYER, is actuarially determined on the basis of funds

24  projected to be received from contributing employers (including the EMPLOYER).

25  Third, health insurance is not provided to participants and beneficiaries, including

26  the EMPLOYER's employees, after a certain period of non-payment of Monthly

27  Contributions on their behalf.  Fourth, vacation pay, which is distributed by the

28  Construction Laborers Vacation Trust for Southern California (one of the Trust

Funds), is not paid to employees, including the EMPLOYER's employees, for hours of work for which their employer has not submitted Monthly Contributions.  Fifth, the Trust Funds have a legal obligation to take steps to collect amounts due by delinquent employers and thus the EMPLOYER's ongoing delinquency results in an ongoing drain on Trust Funds resources.  Sixth, the Trust Funds lose investment income on late-paid and unpaid Monthly Contributions.

34.    The Trust Funds have no adequate or speedy remedy at law.  They therefore request that this Court exercise its authority under sections 502(g)(2)(E) and 502(a)(3) of ERISA (29 U.S.C. §§ 1132(g)(2)(E) and 1132(a)(3)) to issue preliminary and permanent injunctive relief ordering the EMPLOYER to comply with its obligations under the Agreements and section 515 of ERISA (29 U.S.C. § 1145) to fully disclose its employees' Covered Work on its Monthly Reports, itemized by project, and to timely submit its Monthly Reports each month with full payment of the Monthly Contributions due.

35.    An award of attorneys' fees and costs is provided for by Agreements and under sections 502(g)(1) and/or (g)(2) of ERISA (29 U.S.C. § 1132(g)(1) and/or (g)(2)).

**WHEREFORE, ADMINCO prays for judgment as follows:**

<u>ON ADMINCO'S FIRST CLAIM FOR RELIEF</u>
[Against the EMPLOYER, ALAS and MOLINA for
Monetary Damages Due to Employee Benefit Plans]

A.    For $4,180.65 in unpaid Monthly Contributions, as required by the Agreements and 29 U.S.C. § 1132(g)(2)(A).

13

B.     For $969.23 in interest (through July 8, 2019) on unpaid or late paid Monthly Contributions at the rate of five percent above the variable prime rate set by the Federal Reserve Board of San Francisco, California, plus such additional interest that has or does hereafter accrue from July 8, 2019, as required by the Agreements and 29 U.S.C. § 1132(g)(2)(B).

C.     For $1,962.00 in liquidated damages for unpaid and late-paid Monthly Contributions at, for each of the Trust Funds separately, the greater of 20% or $25 (except with respect to the Laborers Contract Administration Trust Fund for Southern California, for which liquidated damages are sought at the greater 10% or $20), as required by the Agreements and 29 U.S.C. § 1132(g)(2)(C).

D.     For $880.00 in audit fees, as required by the Agreements and 29 U.S.C. § 1132(g)(2)(E).

E.     For $723.30 in damages for subcontracting Covered Work to non-signatory persons or entities, pursuant to the Agreements.

F.     For, according to proof, any additional Monthly Contributions, interest, liquidated damages, audit fees, fees incurred by the Trust Funds as a result of the submission of checks not honored by the bank upon which they were drawn, and amounts owed as a result work performed by any subcontractors of the EMPLOYER (or lower-tier subcontractors) determined to be due, pursuant to the Agreements and 29 U.S.C. §§ 1132(g)(2) and 1145.

G.     For reasonable attorneys' fees and costs of suit, as required by the Agreements and 29 U.S.C. § 1132(g)(2)(D).

///

14

364475.2

H.     For such other relief that this Court deems appropriate, pursuant to any authority of the Court, including but not limited to the authority established by 29 U.S.C. §§ 1132(g)(2)(E) and 1132(a)(3).

ON ADMINCO'S SECOND CLAIM FOR RELIEF

[Against the EMPLOYER and ALAS for Monetary

Damages for Breach of Settlement Agreement]

A.     For $2,160.22 as of July 8, 2019, pursuant to the Settlement Agreement and applicable law, including but not limited to California Civil Code § 3302, and any other damages arising from the EMPLOYER's breach of the Settlement Agreement.

B.     For interest at the Trust Funds' plan rate(s) per annum from July 8, 2019, pursuant to terms of the Settlement Agreement and applicable law, including but not limited to California Civil Code §§ 3287, 3289 and 3302.

C.     For attorneys' fees and costs of collection, pursuant to the Settlement Agreement and applicable law, including but not limited to California Civil Procedure Code § 1032(b) and California Civil Code § 1717.

D.     For such other relief that this Court deems appropriate, pursuant to any authority of the Court, including but not limited to the authority established by 29 U.S.C. §§ 1132(g)(2)(E) and 1132 (a)(3).

///
///
///
///

364475.2

<u>ON ADMINCO'S THIRD CLAIM FOR RELIEF</u>

[Against the EMPLOYER for Specific

Performance of Obligation to Produce Records for Audit]

A.      For the issuance of injunctive relief pursuant to the Agreements and 29 U.S.C. §§ 1132(g)(2)(E) and/or 1132(a)(3) ordering the EMPLOYER and its managing officers, managing employees, agents and successors, including but not limited to ALAS and MOLINA, as well as all those in active concert or participation with any one or more of them, to submit to an audit of the EMPLOYER's records from at least February 1, 2018 through the date of the audit, to fully cooperate with ADMINCO with respect to the audit in order for ADMINCO to determine the total amount due to the Trust Funds by the EMPLOYER, ALAS and MOLINA, and, specifically, to produce to ADMINCO the following payroll and business records – and any other records determined by ADMINCO to be necessary to conduct a full audit – for inspection, examination and copying:

A.1.   All of the EMPLOYER's payroll and employee records, as well as any other records that might be relevant to a determination of the work performed by the EMPLOYER, its employees, its subcontractors, its lower-tier subcontractors and the employees of the EMPLOYER's subcontractors and lower-tier subcontractors, including but not limited to payroll journals, employee earnings records, certified payroll records, payroll check books and stubs, cancelled payroll checks, payroll time cards and state and federal tax returns (and all other state and federal tax records), as well as labor distribution journals and any other records that might be relevant to an identification of the employees who performed work for the EMPLOYER, its subcontractors or lower-tier subcontractors, or which might be relevant to a determination of the projects on which the EMPLOYER, its employees, its subcontractors, lower-tier subcontractors or the employees of its subcontractors or

16

lower-tier subcontractors performed work, including any records that provide the names, addresses, Social Security numbers, job classification or the number of hours worked by any one or more employee;

    A.2. All of the EMPLOYER's job files for each contract, project or job on which the EMPLOYER, its employees, its subcontractors, its lower-tier subcontractors or the employees of its subcontractors or lower-tier subcontractors worked, including but not limited to all correspondence, agreements and contracts between the EMPLOYER and any general contractor, subcontractor, owner, builder or developer, as well as all field records, job records, notices, project logs, supervisors' diaries and notes, employees' diaries and notes, memoranda, releases and any other records that relate to the supervision of the EMPLOYER's employees, its subcontractors, its lower-tier subcontractors or the employees of its subcontractors and lower-tier subcontractors, or the projects on which the EMPLOYER, its employees, its subcontractors, its lower-tier subcontractors or the employees of its subcontractors or lower-tier subcontractors performed work;

    A.3. All of the EMPLOYER's records related to cash receipts, including but not limited to the EMPLOYER's cash receipts journals, accounts receivable journals, accounts receivable subsidiary ledgers and billing invoices for all contracts, projects and jobs on which the EMPLOYER, its employees, its subcontractors, its lower-tier subcontractors or the employees of its subcontractors or lower-tier subcontractors performed work;

    A.4. All of the EMPLOYER's bank statements, including but not limited to those for all checking, savings and investment accounts;

    A.5. All of the EMPLOYER's records related to disbursements,

including but not limited to vendors' invoices, cash disbursement journals, accounts payable journals, check registers and all other records which indicate disbursements;

A.6.  All collective bargaining agreements between the EMPLOYER and any trade union, and all records of contributions by the EMPLOYER to any trade union trust fund; and

A.7.  All records related to the formation, licensing, renewal or operation of the EMPLOYER.

B.  For reasonable attorneys' fees and costs of suit, as required by the Agreements and provided for under 29 U.S.C. § 1132(g)(1) and/or (g)(2).

C.  For such other relief that this Court deems appropriate, pursuant to any authority of the Court, including but not limited to the authority established by 29 U.S.C. §§ 1132(g)(2)(E) and 1132 (a)(3).

<u>ON ADMINCO'S FOURTH CLAIM FOR RELIEF</u>

[Against the EMPLOYER for Injunctive Relief Compelling Submission of Fringe Benefit Contributions to Employee Benefit Plans]

A.  For the issuance of injunctive relief pursuant to the Agreements and 29 U.S.C. §§ 1132(g)(2)(E) and/or 1132(a)(3) ordering the EMPLOYER and its managing officers, managing employees, agents and successors, including but not limited to ALAS and MOLINA, as well as all those in active concert or participation with any one or more of them, to deliver, or cause to be delivered to the Trust Funds:

A.1.  All past due monthly fringe benefit contribution report forms due

18

364475.2

by the EMPLOYER to the Trust Funds, fully completed to identify all persons for whom fringe benefit contributions are owed to the Trust Funds and their Social Security numbers, and, itemized by person and project, the hours of work performed for which fringe benefit contributions are due and the corresponding amounts of fringe benefit contributions due, if any, or, if no such hours of work were performed for a given month and account, an indication on the report form of that fact.

A.2.   No later than 4:30 p.m. on the 15th day of each month for the duration of the Agreements:

A.2(a).  Truthfully and accurately completed fringe benefit contribution report form(s) covering all of the EMPLOYER's accounts with the Trust Funds, collectively identifying all persons for whom fringe benefit contributions are owed to the Trust Funds for the previous month and their Social Security numbers, and, itemized by person and project, the hours of work performed, if any, or, if no such hours of work were performed for a given month and account, an indication on the report form of that fact.

A.2(b).  An affidavit or declaration from a managing officer or other managing agent of the EMPLOYER attesting under penalty of perjury to the completeness, truthfulness and accuracy of each fringe benefit contribution report form submitted; and

A.2(c).  A cashier's check or checks made payable to the "Construction Laborers Trust Funds for Southern California" totaling the full amount of fringe benefit contributions due to the Trust Funds for the previous month.

B.      For reasonable attorneys' fees and costs of suit, as required by the

364475.2

1    Agreements and provided for under 29 U.S.C. § 1132(g)(1) and/or (g)(2).

2

3          C.     For such other relief that this Court deems appropriate, pursuant to any

4    authority of the Court, including but not limited to the authority established by

5    29 U.S.C. §§ 1132(g)(2)(E) and 1132(a)(3).

6

7    DATED: July 10, 2019                REICH, ADELL & CVITAN
                                         A Professional Law Corporation
8

9                                        By:_____/s/_____

10                                             PETER A. HUTCHINSON
                                               Attorneys for Plaintiff
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

364475.2